AUGUST L. LACOMBE, RESPONDENT, v. TYLER M. GIBBS, TRADING AS T. M. GIBBS CONSTRUCTION COMPANY, APPELLANT.

Submitted October 28, 1927—Decided February 6, 1928.

For the appellant, *Wolber & Gilhooly*.

For the respondent, *Milton M. Unger*.

The opinion of the court was delivered by

LLOYD, J. Two questions are argued on this appeal. First, whether the agreement between the parties to this action properly construed constituted an agreement not to employ non-union labor; and second, whether an agreement to employ only non-union labor is against public policy.

The plaintiff below sued to recover on a written contract for work performed, consisting of excavating earth for a high school in Irvington, and the case was tried before Judge Dungan and a jury. The trial court gave a negative answer to the first question and directed a verdict for the plaintiff. From the consequent judgment the defendant appeals.

Defendant was the contractor building the school and plaintiff was a subcontractor. There was no dispute about the character of the work done, its value, or the payments made on account. The defense was that plaintiff had violated his agreement by supplying non-union labor against the protest of the defendant (who feared complications with his own employes), thereby giving to defendant a right to rescind the agreement and complete the work, charging plaintiff for any excess cost. There was also a counter-claim for such costs.

We think the first question presented should be answered in the negative and the agreement construed as the trial judge construed it. Paragraph 5 of the contract and on which appellant relies, provides as follows:

"The subcontractor agrees to co-operate with the contractor and all other subcontractors employed on the work in order to avoid complications and insure first-class workmanship in every respect, and, further, that in the manufacturing, assembling and erection of the work, he will employ only men whose work will be acceptable to and in harmony with other workmen on the building."

Even if legal, an agreement that one would exclude a class of workmen because they did not belong to a union should

be so clear and unequivocal as to leave no room for doubt. It is a denial of the right of contract and should not be inferred from a doubtful construction. In the present case the agreement provided simply that the plaintiff would co-operate with the contractor and other subcontractors, and that he would employ only men whose work would be acceptable to and in harmony with other workmen on the building. There was nothing to show that the plaintiff was not co-operating with the other contractors, or that the work of the men he employed was not in itself acceptable to and in harmony with other workmen on the building. We do not see how the selection of men not members of a union but otherwise competent has any bearing on the question of co-operation, nor in the absence of complaint that the work done by these men was not agreeable to their fellows, is there anything to suggest that it was not acceptable to or not in harmony with other workmen on the building.

There is nothing in the agreement to suggest that the plaintiff should employ only union labor any more than that he should employ men of a political party or of a religious persuasion only. If the purpose was to preclude non-union labor the language used was singularly inapt for the purpose. It would have been easy to have declared such meaning in no doubtful form. Not having done so the agreement will be construed to cover what is expressed and will not be given the covert meaning which defendant now seeks to have implied.

Resting our conclusion on what we conceive to be the proper construction of the contract we find it unnecessary to consider the second question presented, and on that question we express no opinion.

The judgment is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.